IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OPTIMUM POWER SOLUTIONS LLC, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware Corporation,<br><br>Defendant. | :<br>:<br>:<br>: C.A. No. _____<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff Optimum Power Solutions, LLC ("Optimum Power") files this its Complaint against Hewlett-Packard Company ("HP"), showing this Honorable Court as follows.

### NATURE OF THE ACTION

1. This is an action for patent infringement, arising out of Defendant's infringement of a U.S. patent relating to the art of power management for computers. Specifically, this Complaint asserts claims against Defendant arising from its infringement of various claims in U.S. Pat. No. 5,781,784, issued on July 14, 1998, and entitled "DYNAMIC POWER MANAGEMENT OF SOLID-STATE MEMORIES" (the "'784 Patent"). A true and correct copy of the '784 Patent is attached hereto as Exhibit A.

2. This action is related to actions filed contemporaneously in this Court against Lenovo (United States) Inc., Panasonic Corporation of North America, and Sony Electronics, Inc. Optimum Power believes that these actions should be consolidated for all purposes until the trial of the claims against the individual defendants.

## THE PARTIES

3. Plaintiff is a limited liability company, organized and existing under the laws of Texas with its principal place of business in this Frisco, Texas.

4. Upon information and belief, Defendant HP is a corporation organized and existing under the laws of the state of Delaware. Upon information and belief, HP's principal place of business is located in Palo Alto, California. HP may be served through its registered agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and/or 1338.

6. This Court has personal jurisdiction over the Defendant. Defendant is organized and existing as a corporation under the laws of the state of Delaware. Defendant has conducted and does conduct business within the State of Delaware, including within this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400.

## OPERATIVE FACTS

### THE PATENT-IN-SUIT

8. Optimum Power is the owner by assignment of all right, title, and interest in the '784 Patent.

9. The '784 Patent describes a novel method that dynamically manages power supplied to solid-state memory. Among other things, the '784 Patent discloses a power management device and related logic control circuitry that supplies variable voltage to solid-state

memory devices. The device provides sufficient power to maintain memory information during periods of no activity or standby periods, and an increased level of power during periods of data access activity or memory access periods, thereby reducing substantially the power consumption of solid-state memory devices.

10. Claim 1 of the '784 Patent provides:

1. A dynamic power management device for supplying power to a solid-state memory integrated circuit, said device comprising:

power control means for supplying variable voltage to said memory integrated circuit; and

logic control means for generating address and control signals for said memory integrated circuit and for controlling said power control means

wherein the power control means supply power to said memory integrated circuit, said power being supplied to the memory integrated circuit at a first variable voltage level during periods of no data activity and at a second variable voltage level during periods of data access activity, the variable voltage supplied at said first variable voltage level being less than the variable voltage being supplied at said second variable voltage level,

wherein the power supplied at the first level is sufficient to preserve information stored in the integrated memory circuit and the power supplied at the second level is sufficient to read and write information in the integrated memory circuit.

'784 Patent, Col. 7, ll. 2-22.

THE INFRINGING PRODUCTS

11. Defendant HP, within the United States, manufactures, uses, offers for sale, or sells computers, including, but not limited to, the HP Pavillion dv3-2150us notebook with an Intel Core 2 Duo CPU (T6500) 2.1GHz with a 2MB L2 cache, (collectively, the "HP

Computers") that, among other things, utilize a dynamic power management device that supplies variable voltage to solid-state memory devices, such that sufficient power is provided to maintain memory information during standby periods and an increased level of power is supplied during memory access periods, thereby reducing substantially the power consumption of the solid-state memory devices.

12. The HP Computers contain each limitation set forth in at least claim 1 of the '784 Patent.

13. Defendant HP does not have a license or other authorization to practice the claims set forth in the '784 Patent.

14. All conditions precedent to the assertion of the claims set forth in this Complaint have been satisfied or waived.

## COUNT ONE
### HP'S INFRINGEMENT OF THE '784 PATENT

15. Optimum Power incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-14, above.

16. By reason of some or all of the foregoing, Defendant HP has infringed at least one claim of the '784 Patent.

17. Optimum Power has suffered damages as the direct and proximate result of Defendant HP's infringement of the '784 Patent.

WHEREFORE, Optimum Power prays that this Court:

(1) Enter judgment in favor of Optimum Power and against Defendant HP for infringement of the '784 Patent;

(2) Award damages to Optimum Power in an amount to be proven at trial for infringement of the '784 Patent, pursuant to 35 U.S.C. § 284, including pre-judgment and post-judgment interest along with the costs of this action;

(3) Try this case before a jury; and

(4) Grant Optimum Power such other and further relief as the Court deems just and proper, premises considered.

PROCTOR HEYMAN, LLP

/s/ Neal C. Belgam
Neal C. Belgam (No. 2721)
nbelgam@proctorheyman.com
Melissa N. Donimirski (# 4701)
mdonimirski@proctorheyman.com
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300

Attorneys for Plaintiff Optimum Power Solutions LLC

OF COUNSEL:

MORRIS, MANNING & MARTIN, LLP
Bryan G. Harrison
bgh@mmmlaw.com
W. Andrew McNeil
wmcneil@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326-1044
(404) 233-7000

Dated: September 21, 2011